UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR20

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER FOR** |
| v. | ) | **THIRD-PARTY PETITION** |
| | ) | |
| LUIS VASCONCELO, | ) | |
| | ) | |
| Defendant. | ) | |

PETITION OF FORD MOTOR CREDIT
COMPANY LLC.

THIS MATTER is before the Court by consent of the United States of America, by and

through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and

Petitioner Ford Motor Credit Company LLC ("Petitioner"), through counsel, pursuant to Fed. R.

Crim. P. 32.2(c). The Government and Petitioner have consented to this Order as a final

adjudication and settlement of all matters with regard to the following property (the "Subject

Property") covered by the Consent Order and Judgment of Forfeiture (Dkt. 10) filed herein:

One 2010 Ford Super Duty truck, bearing VIN 1FDAW5HR1AEA69332,
registered to Luis Vasconcelo, seized during the course of the investigation.

The Government and Petitioner have stipulated and agreed and the Court finds as follows:

1.      On or about January 12, 2010, Petitioner provided a loan in an original principal

amount of $24,714.85 so that Defendant could purchase the Subject Property. The Certificate of

Title on the Subject Property reflects that Petitioner is the first and only lienholder.

2.      Defendant has or had a legal ownership in the subject property that is subject to

forfeiture under the applicable statute, except that Petitioner's interest is recognized as identified

herein.

3. Any violations of applicable criminal statutes involving the subject property occurred without the knowledge and consent of Petitioner.

4. Upon sale by the government of the Subject Property and after the Government has paid all outstanding taxes and expenses of custody and sale, the government shall remit to petitioner the sum of $19,589.88, but only to the extent that the net proceeds of the sale after deduction for taxes and expenses exceeds such sum.

5. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner to the property relating to this forfeiture claim brought by the United States and of all claims resulting from the incidents or circumstances giving rise to this case.

6. Upon payment, Petitioner agrees to assign and convey its security interest to the United States via recordable document and to release and hold harmless the United States, and any agents, servants, and employees of the United States acting in their individual or official capacities, from any and all claims by Petitioner and its agents which currently exist or which may arise as a result of the actions by the United States against the Subject Property.

7. Petitioner agrees to join or consent to any Government motions for interlocutory or stipulated sale of the Subject Property within ten days of petitioner's receipt of the motions.

8. Petitioner waives any rights to further litigate its interest in the property against the Government and waives its rights to obtain relief via a petition for remission or mitigation of the forfeiture. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

9. Petitioner understands and agrees that the Government reserves the right to, for legal reasons, terminate the forfeiture action at any time and that the United States reserves the right to, for

any other reason, terminate the forfeiture action on or before the 90th day after this Court enters this

Consent Order.

10.    Petitioner and the Government agree to, to the extent necessary, execute further

documents to convey clear title to the property to the Government and implement this Consent

Order.

IT IS THEREFORE ORDERED THAT:

1.    Petitioner's interest is recognized to the extent described above. Upon sale by the

Government of the Subject Property, the amount of money identified above shall be

released to Petitioner in accordance with the terms of this Order.

2    Each party shall bear its own costs, including attorneys fees.

Signed this 7th day of July , 2011.

MAX O. COGBURN
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:


ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____                    Dated: 6/21/11
Benjamin Bain-Creed
Assistant United States Attorney


_____                    Dated: 6/10/11
Name: MICHELLE TREPP
Petitioner Ford Motor Credit


_____                    Dated: 6/11/11
Pamela P. Keehan, Esq.
Attorney for Petitioner